# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MICHAEL S. RULLE FAMILY DYNASTY TRUST<br><br>Plaintiff<br><br>vs.<br><br>AGL LIFE ASSURANCE COMPANY,<br><br>Defendant | Civil Action No. 2:10-cv-00231-BMS<br>Hon. Berle M. Schiller |

## PLAINTIFF MICHAEL S. RULLE FAMILY DYNASTY TRUST'S
## MEMORANDUM OF LAW IN ACCORDANCE WITH THE COURT'S ORDER

Plaintiff Michael S. Rulle Family Dynasty Trust ("Plaintiff" or "the Trust") respectfully submits this memorandum in accordance with the July 7, 2010 Order of the Court, directing the parties to file additional briefing addressing the Choice of Law issue. Specifically, the Order directed the parties to address the following: "(1) [whether] the law of Alaska and Pennsylvania differ with respect to Plaintiff's negligence, breach of fiduciary duty, and unjust enrichment claims; and (2) assuming the laws differ, which state's law should apply to each of these claims." See Order and Memorandum, July 7, 2010, at 24.[1]

Plaintiff respectfully submits that choice of law is inapplicable where, as here, the insurance policy is at the center of the dispute, specifically designates Alaska law, and where, as here, Alaska law governing insurance contracts specifically imposes certain duties. Specifically, Alaska state law expressly governs the Policy between the parties

---

[1] The within Memorandum of Law is respectfully submitted only for the purpose of addressing the Court's directive and inquiry. Plaintiff respectfully reserves all rights to its claims contained in the Amended Complaint. The within Memorandum should not be construed as a concession of any position by Plaintiff as to any issue in connection with this matter.

1

and thus, all causes of action arising out of the contract. It is respectfully submitted that insurer fiduciary duty exists in every insurance contract as a matter of Alaska law governing insurance contracts and thus, all causes of action are covered by the choice of law provision of the insurance policy. See O.K. Lumber v. Providence Wash. Ins. Co., 759 P.2d 523, 525 (Alaska 1988). The fact that these duties sound in tort does not negate the fact that they are expressly provided for by the applicable Alaska law that governs insurance contracts and which is indisputably provided for by the insurance contract at issue here. Thus, it is respectfully submitted that these claims are governed by Alaska law. See Miller v. Allstate Ins. Co., 763 A.2d 401, 403 (Pa. Super. 2000) (under Pennsylvania choice of law rules, a choice of law provision in an insurance contract will be given effect.).

To the extent the Court wishes to consider a conflict of laws analysis, Plaintiff supplies the following.

### I. LAW OF ALASKA AND PENNSYLVANIA

Plaintiff's Amended Complaint alleges, inter alia, claims for: (a) breach of fiduciary duty; (b) professional negligence, or, in the alternative, gross negligence or negligence; (c) negligent misrepresentation; and (d) unjust enrichment. As directed by the Court, following is a discussion of whether, and to what extent the law of Alaska and the law of Pennsylvania differ with respect to each of these claims.

#### a. Breach of Fiduciary Duty

Plaintiff's claims of breach of fiduciary duty are based on Defendant's status as an insurer, a broker-dealer, and agent. There are certain general principles of fiduciary duty that are common to both Alaska and Pennsylvania law.

Specifically, whether a fiduciary duty exists depends on the relationship. As noted in the Restatement (Second) of Torts, § 874 Violation of Fiduciary Duty:

> A fiduciary duty exists between two persons when one of them is under a duty to act for or give advice for the benefit of another upon matters within the scope of the relation.

Id.

Thus, where one acts as an agent for another, a fiduciary duty is created. See Restatement (Second) of Agency § 387 (1958) ["An agency relationship is a fiduciary one, and the agent is subject to a duty of loyalty to act only for the principal's benefit."].

Neither Alaska nor Pennsylvania has specifically addressed fiduciary duty in the context of an investment advisor/broker dealer such is at issue here. However, other jurisdictions have, routinely recognizing fiduciary duties in the context of broker-dealer/investment advisors, based on concepts of agency. In the absence of law in the state, state courts will look to other jurisdictions. See eg., Nelson v. Progressive Cas. Ins. Co., 162 P.3d 1228, 1238 (Alaska 2007), LJL Transp., Inc. v. Pilot Air Freight Corp., 962 A.2d 639, 648 (Pa. 2009). Thus, the following is instructive as to how either Alaska or Pennsylvania would view fiduciary duty in this context.

In the case of the broker-dealer, a fiduciary duty arises because the brokerage relationship is an agency relationship, which is fiduciary in nature. French v. First Union Securities, Inc., 209 F.Supp.2d 818, 825 (M.D. Tenn. 2002). The actual duties depend on the particular broker-customer relationship and the functions performed by the broker. Press v. Chemical Investment Services Corp., 166 F.3d 529 (2d Cir. 1999).

Representing oneself to have investment and advisory expertise will give rise to fiduciary obligations. Burdet v. Miller, 957 F.2d 1375, 1381 (7th Cir. 1992).

Specifically, when a broker makes investment recommendations to a customer, the broker is acting in a position of trust vis-à-vis the customer, and as such, is acting as a fiduciary. United States v. Hart, 273 F.3d 363, 376 (3d Cir. 2001), relying on United States v. Hussey, 254 F.3d 428 (2d Cir. 2001). Since a broker occupies a special position of trust and confidence with respect to his or her customer, any recommendation of a security carries with it an implicit representation that the broker has an adequate basis for the recommendation. Hanly v. SEC, 415 F.2d 589, 596 (2d Cir. 1969) ("A securities dealer occupies a special relationship to a buyer of securities in that by his position he implicitly represents that he has an adequate basis for the opinions he renders.")

Although both Alaska and Pennsylvania recognize that fiduciary duties will arise in certain circumstances, they differ both in terms of which relationships specifically give rise to a fiduciary duty and the circumstances under which a fiduciary duty will be recognized.

### *Alaska law*

Alaska has "determined that a 'fiduciary relationship exists when one imposes a special confidence in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one imposing the confidence.'" Munn v. Thornton, 956 P.2d 1213, 1220 (Alaska 1998), citing Paskvan v. Mesich, 455 P.2d 229, 232 (Alaska 1969). Citing its decision in Wagner v. Key Bank of Alaska, 846 P.2d 112, 116 (Alaska 1993), the court in Munn noted that "[w]e have also noted that '[l]oyalty and the disavowal of self interest are hallmarks of the fiduciary's role.'" Id. Noting that a fiduciary relationship involves "a level of trust beyond that in ordinary business relationships," the court in Munn described fiduciary duty as "the

highest standard of duty implied by law." Id., citing *Black's Law Dicitionary 625 (6th ed. 1990)*.

Alaska has specifically recognized a fiduciary relationship between business partners, attorneys and their clients, and in relationships involving trusts. Seybert v. Cominco Alaska Exploration, 182 P.3d 1079, 1090 (Alaska 2008), citing Munn, supra., 956 P.2d at 1220.

More relevant to the matter before the Court, Alaska has also specifically recognized a fiduciary duty in the context of insurance policies. Specifically, under Alaska law, every insurance policy gives rise to a fiduciary duty. O.K. Lumber Co., supra., 759 P.2d 523, 525 (Alaska 1988). See also Ace v. Aetna Life Ins. Co., 40 F. Supp. 2d 1125, 1131 (D. Alaska 1999) ("[i]nsurers are charged with a fiduciary relationship towards their insureds. Public confidence in the insurance industry is an important policy goal recognized by the Alaska Supreme Court.") Thus, breach of the duty gives rise to an action for damages caused by the breach. O.K. Lumber Co., supra. 759 P.2d at 525, citing Continental Ins. Co. v. Bayless & Roberts, Inc., 608 P.2d 281 (Alaska 1980) and Guin v. Ha, 592 P2d 1281, 1291 (Alaska 1979). In the insurance context, a breach of fiduciary duty will be found where the insurer fails to act with due care and in the best interest of the insured by failing to perform its investigatory obligations and failing to inform the insured of all necessary information. Continental Ins. Co., supra., 608 P.2d 281.

Alaska has also held that a fiduciary relationship gives rise, generally, to a duty to inform, and that half-truths or silence constitute a breach of fiduciary duty that may also constitute fraud. See Ben Lomond, Inc. v. Schwartz, 915 P.2d 632, 634 (Alaska 1996),

noting that "[t]he fiduciary has a duty to fully disclose information which might affect the other person's rights and influence his action. (citations omitted)." The court in Ben Lomond, Inc. explained the relationship between fraud and breach of fiduciary duty:

> The existence of a fiduciary duty allows a finding of fraud even where the fraud is committed by silence or non-disclosure, while the absence of a fiduciary duty precludes a finding of fraud unless the offender makes remarks which are either half true or which omit material information. (citations omitted).. Fraud can thus be a type of breach of fiduciary duty.

Id.

### *Pennsylvania law*

Similar to Alaska, Pennsylvania recognizes that a fiduciary duty can occur, based on the relationship. Specifically, most recently in Basile v. H & R Block, Inc., 777 A.2d 95 (Pa. 2001), the Pennsylvania Supreme Court set forth the law in Pennsylvania on fiduciary duty, noting that "a confidential relationship and the resulting fiduciary duty may attach 'whenever one occupies toward another such a position of advisor or counsellor as reasonably to inspire confidence that he will act in good faith for the other's interest.'" Id. at 101-102, citations omitted. As further explained by the court in Basile:

> "In some cases, as between trustee and cestui que trust, guardian and ward, attorney and client, and principal and agent, the existence of a confidential relationship is a matter of law." In re Estate of Mihm, 497 A.2d 612, 615 (1985).. In other cases, where these relationships do not exist, confidential relations may still arise based on the facts and circumstances apparent on the record. See id. Both our Supreme Court and other courts have recognized that those who purport to give advice in business may engender confidential relations if others, by virtue of their own weakness or inability, the advisor's pretense of expertise, or a combination of both, invest such a level of trust that they seek no other counsel. See Frowen v. Blank, 425 A.2d 412, 416-17 (1981); Young v. Kaye, 279 A.2d 759, 763 (1971); Brooks v.Constan, 51 A.2d 684, 688 (1947) See also Burdett v. Miller, 957 F.2d 1375, 1381 (7th Cir.1992). (If a person solicits another to trust him in matters in which he represents himself to be expert as well as trustworthy and the other is not expert and

accepts the offer and reposes complete trust in him, a fiduciary relation is established).

Id.

The Basile court stressed that whether such a relationship existed was a subjective one and therefore, "may occur anywhere on a sliding scale of circumstances." Id. at 102. Thus, the court found, "[t]he possibility of a confidential relationship cannot be excluded by a concrete rule. So long as the requisite disparity is established between the parties' positions in the relationship, and the inferior party places primary trust in the other's counsel, a confidential relationship may be established." Id. at 103.

As noted above, among those relationships deemed by law to be fiduciary in nature under Pennsylvania law are agency relationships. Specifically, Pennsylvania has found that "[a]n agency relationship is a fiduciary one and the agent is subject to a duty of loyalty to act only for the principal's benefit." Sutliff v. Sutliff, 528 A.2d 1318, 1323 (1987), citing Restatement (Second) of Agency § 387 (1958). Pennsylvania has also recognized a fiduciary duty in the corporate context, finding that a majority shareholder owes a fiduciary duty to the minority shareholders. Ferber v. American Lamp Corp., 469 A.2d 1046, 1050 (1983). See also Snellbaker v. Herrmann, 462 A.2d 713, 718 (1983) (joint venturers owe fiduciary duty).

However, Pennsylvania differs from Alaska in two important respects. First, Pennsylvania has not specifically addressed and thus not found an insurance policy to give rise to a fiduciary relationship. Second, unique to Pennsylvania is the "gist of the action" doctrine, which precludes tort claims where the "gist" of the action is contractual in nature. However, the fact that there is a contract is not dispositive; the inquiry is "whether the defendant's conduct violates some additional duty that is distinct from the

7

obligations the defendant accepted by entering into the contract." Koresko v. Bleiweis, 2004 WL 3048760 (E.D. Pa.), citing Bohler-Uddeholm America, Inc. v. Elwood Group, Inc., 247 F.3d 79, 105 ((3d Cir. 2001) ("This duty imposed obligations on [the defendant] that went well beyond the particular obligations contained in the [a]greement itself.") As noted by the Third Circuit in Bohler-Uddeholm, where, as here, the "duty is 'imposed as a matter of social policy' rather than 'by mutual consensus', the gist of Plaintiff's ….claim lies in tort rather than contract law." Id., at 105. Plaintiff's fiduciary duty claim involves a broader social policy beyond the contours of the insurance policy, and thus provides a basis for finding that the "gist of the action" doctrine would not preclude Plaintiff's fiduciary claim under Pennsylvania law. Nevertheless, it is an important difference between Alaska law and Pennsylvania law.

### b.     **Professional Negligence, Gross Negligence, Negligence** .

Both Alaska and Pennsylvania recognize causes of action for negligence. However, it is possible that Pennsylvania might not recognize a cause of action for professional negligence for professions outside of a statutory class.[2] In addition, as with fiduciary duty and the tort claims, Pennsylvania's gist of the action, and possibly economic loss doctrines might be found to preclude claims of negligence. These and other specific differences between the two states' laws are set forth below.

### *Alaska law*

The elements of a cause of action in tort for professional negligence are: (1) the duty of the professional to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate

---

[2] There is at least some indication that the statute is not an exclusive list of professions subject to the claim. See Hults v. Allstate Septic Sys., Civ. A. No. 4:06-0541, 2007 WL 2253509, at *6 (M.D. Pa. Aug. 3, 2007).

8

causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence. Linck v. Barokas & Martin, 667 P.2d 171, 174 (Alaska 1983) (citations omitted).

A claim that a provider of skilled services committed negligence states a cause of action for professional negligence under Alaska law. John's Heating Service v. Lamb, 46 P.3d 1024 (Alaska 2002). In particular, professional negligence is recognized in the context of an insurer to an insured. See Johnson & Higgins of Alaska, Inc. v. Blomfield, 907 P.2d 1371 (Alaska 1996).

Simple negligence is defined as the "failure to exercise for protection of others that degree of care and caution that would, under prevailing circumstances, be exercised by ordinarily prudent person." Black's Law Dictionary 1383 (6th ed. 1990). Gross negligence is defined as the "intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another." Id. at 1033.

### *Pennsylvania law*

Similar to Alaska law, Pennsylvania recognizes causes of action for negligence and gross negligence. As for professional negligence, Pennsylvania provides, by statute, as follows:

> (a) The rules of this chapter govern a civil action in which a professional liability claim is asserted by or on behalf of a patient or client of the licensed professional against
> (1) a licensed professional, and/or
> (2) a partnership, unincorporated association, corporation or similar entity where the entity is responsible for a licensed professional who deviated from an acceptable professional standard, and
> (b) A professional liability claim asserted against a licensed professional includes a claim for lack of informed consent.
> (c) As used in this chapter, "licensed professional" means
> (1) any person who is licensed pursuant to an Act of Assembly as
> (i) a health care provider as defined by Section 503 of the Medical Care

9

>  Availability and Reduction of Error (MCARE) Act, 40 P.S. § 1303.503;
>  (ii) an accountant; ...
>  (iii) an architect; ...
>  (iv) a chiropractor;...
>  (v) a dentist;...
>  (vi) an engineer or land surveyor;...
>  (vii) a nurse;..
>  (viii) an optometrist;...
>  (ix) a pharmacist;...
>  (x) a physical therapist;...
>  (xi) a psychologist; and ...
>  (xii) a veterinarian....
>  (2) an attorney at law; and...
>  (3) any professional described in paragraphs (1) and (2) who is licensed by another state.

Pa.R.C.P. No. 1042.1 (citations to statutes omitted).

As noted above, Pennsylvania's statute may preclude a claim for professional negligence for professions not enumerated in the statute, but the issue is not settled. See n.2. Pennsylvania law with respect to negligence and gross negligence is similar to that of Alaska. To establish negligence, a plaintiff must show that the defendant had a duty to the plaintiff, that the defendant breached that duty, that plaintiff suffered loss or injury and that there was a causal connection between the breach and the injury. Cooper v. Frankford Health Care Sys., Inc., 960 A.2d 134, 140 n.2 (Pa.2008). Gross negligence is characterized as a "greater degree of negligence" based also on a duty owed and a breach of that duty. Henry v. First Fed. Sav. & Loan Ass'n of Greene County, 459 A.2d 772, 774 (Pa. Super. Ct. 1983). Thus, the laws of the two states are similar, although not identical, with respect to negligence and gross negligence.

As with fiduciary duty and all tort actions, Pennsylvania's doctrines of "gist of the action" and "economic loss" may preclude a tort claim, however, as previously noted, Plaintiff's negligence claim is not limited to the terms of the contract and does involve

larger social policies—specifically, the duty of insurers and investment advisors/broker-dealers to discharge their professional duty of care with such "skill, prudence and diligence as other members of the profession commonly possess and exercise." In addition, as noted in Plaintiff's memorandum of law in opposition to Defendant's motion to dismiss, courts are reluctant to dismiss tort claims at the early stages of litigation under either the gist of the action doctrine or economic loss doctrine. See Woods v. Era Med LLC, 2009 WL 141854, citing Padalino v. Standard Fire Ins. Co., 616 F. Supp. 2d 538, 550 (E.D. Pa. 2008) ("[C]ourts are reluctant to classify the gist of plaintiffs' suit at an early stage in the proceedings and generally wait until discovery to determine 'whether one claim is completely redundant to the other claim.'" Citations omitted.) Nevertheless, as previously noted, it is an important distinction between the two states' laws.

### c. **Negligent Misrepresentation**

Alaska and Pennsylvania law differ in the following respect.

#### *Alaska law*

"To prevail in an action for fraudulent...misrepresentation, the plaintiff must prove the existence of either an affirmative misrepresentation or an omission where there is a duty to disclose." Matthews v. Kincaid, 746 P.2d 470, 471 (Alaska 1987). In addition, the following elements are required to establish negligent misrepresentation: (1) "the party accused of the misrepresentation must have made the statement 'in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest,' " (2) "the representation must supply 'false information,' " (3) "there must be 'justifiable reliance' on the false information supplied," and (4) "the accused party must have failed 'to exercise reasonable care or competence in obtaining or

11

communicating the information.'" Reeves v. Alyeska Pipeline Serv. Co., 56 P.3d 660, 675 (Alaska 2002), citing Bubbel v. Wien Air Alaska, 682 P.2d 374, 380 (Alaska 1984) (quoting Restatement (Second) of Torts § 552(1) (1977)).

Plaintiff's claim also sounds in fraud, arising out of the fiduciary relationship between Plaintiff and Defendant. See Carter v. Hoblit, 755 P.2d 1084, 1086 (Alaska 1988) (" Fraud can be established by silence or non-disclosure when a fiduciary relationship exists between the parties.")

### *Pennsylvania law*

Negligent representation under Pennsylvania law is established by showing: (1) a misrepresentation of a material fact; (2) made under circumstances in which the defendant should know it is false; (3) with an intent to induce another to act upon it; and (4) which results in injury to the party acting in justifiable reliance on the misrepresentation. Bortz v. Noon, 729 A.2d 555, 561 (Pa. 1999)

Thus, Pennsylvania requires intent to induce and circumstances that the party should know the information was false, while Alaska requires that it be transmitted in the course of one's business, it must be false information and the defendant must have been negligent in communicating the information.

### d. **Unjust Enrichment**

Under both Alaska and Pennsylvania law, unjust enrichment is shown by alleging that defendant received a benefit from the plaintiff; that defendant appreciated the benefit, and that it would be inequitable for defendant to retain the benefit. See Reeves v. Alyeska Pipeline Service Co., 56 P.3d 660 (Alaska 2002); Mitchell v. Moore, 729 A.2d 1200 (Pa Super. 1999).

12

Unjust enrichment does not depend on any actual contract, or any "agreement between the parties, objective or subjective." Darling v. Standard Alaska Prod. Co., 818 P.2d 677, 679-680 (Alaska 1991), citing Alaska Sales and Serv., Inc. v. Millet, 735 P.2d 743, 746 (Alaska 1987). As stated by the Alaska Supreme Court in Darling:

> In Alaska Sales, we noted that "unjust enrichment is not in and of itself a theory of recovery. Rather, it is a prerequisite for the enforcement of restitution; that is, if there is no unjust enrichment, there is no basis for restitution."

Darling, supra., citing Alaska Sales.

> In explaining the meaning of "unjust", the court in Alaska Sales stated:
>
> The courts are in accord in stressing that the most significant requirement for recovery in quasi-contract is that the enrichment to the defendant must be unjust; that is, the defendant must receive a true windfall or "something for nothing." *E.g., Barrett v. Ferrell,* 550 S.W.2d 138, 143 (Tex.App.1977). Where a defendant has given fair consideration or value to a third party in exchange for the benefits conferred by the plaintiff, there is no windfall and no recovery will lie.

Alaska Sales & Serv., Inc. v. Millet, 735 P.2d 743, 746 (Alaska 1987)

As more recently explained by the Third Circuit in Essex Ins. Co. v. RMJC, Inc., 306 Fed. App'x. 749, 753-754 (3d Cir. 2009), where the express contract is silent on a particular question of payment, a claim for unjust enrichment is not precluded. Specifically:

> <u>A plaintiff is not foreclosed from seeking restitution by the mere existence of a contract with the defendant, but only where the plaintiff has an "*alternative right* on an enforceable contract.</u>" 26 Richard A. Lord, *A Treatise on the Law of Contracts [Williston on Contracts]* § 68:5 (4th ed.2003) (emphasis added). For example, "[w]hen [a] non-breaching party elects to sue on [a] contract, ordinary contract rules limit compensatory damages to his expectancy interest, even if this measure of relief fails to disgorge the breacher's profits." *Curley v. Allstate Ins. Co.,* 289 F.Supp.2d 614, 621 (E.D.Pa.2003); *see also Hershey Foods Corp. v. Ralph Chapek, Inc.,* 828 F.2d 989, 999 (3d Cir.1987) ("[W]here the contract 'fixes the value of the services involved,' there can be no recovery under a *quantum meruit* theory."). <u>But where, as here, the terms of the contract do not</u>

13

> address the compensation owed to a plaintiff for a particular benefit conferred on the defendant, the plaintiff may obtain restitution if the defendant would be unjustly enriched by retaining that benefit..

Essex Ins. Co., supra., 306 Fed. App'x. at 753-754 (3d Cir. 2009). (emphasis added).

Pennsylvania law is consistent with the foregoing. See Villoresi v. Femminella, 856 A.2d 78, 84 (Pa. Super. Ct. 2004) (contract remedies apply where there is an express contract that "define[s] the parameters of the parties' respective claims.")

## II. CHOICE OF LAW BETWEEN ALASKA AND PENNSYLVANIA[3]

The first step in a choice of law analysis is to determine whether the laws of the two jurisdictions differ. Hammersmith v. TIG Ins., Co., 480 F.2d 220, 230 (3d Cir. 2007). As set forth by the Third Circuit in Hammersmith, if the "laws [of the two states] are the same, then there is no conflict at all and a choice of law analysis is unnecessary." Id. Here, the laws between the two states are fairly similar as to breach of fiduciary duty (except for insurer-specific fiduciary duty); negligence (except for professional negligence) and unjust enrichment. As to the tort claims, including negligent misrepresentation, however, as noted above, Pennsylvania employs a "gist of the action" and/or "economic loss" doctrine analysis to determine with the claim is precluded when there is a breach of contract claim. Thus, it is necessary to consider a choice of law.

If there is a conflict, then it must be determined whether the conflict is "true", "false" or "unprovided for." Id., citing Cipolla v. Shaposka, 267 A.2d 856 (Pa. 1970); Budget Rent-A-Car System, Inc. v. Chappell, 407 F3d 166, 170 (3d Cir. 2005). A conflict is "true" when both states have an interest in applying their own law. Id. A conflict is "false" when only one state has an actual interest in applying its law. Lacey v.

---

[3] The Court's Order directed the parties to brief only these two states' laws. As noted in Plaintiff's memorandum previously filed, there are indications that New Jersey law might also apply.

14

Cessna Aircraft Co., 932 F.2d 170, 187 (3d Cir.1991). "Unprovided for" exists when neither state has an interest in applying its own law. Budget Rent-A-Car, supra., 407 F.3d at 170.

As a general proposition, Plaintiff respectfully submits that where, as here, discovery has not occurred and there are facts in dispute, choice of law determinations are premature. Nevertheless, to the extent the Court seeks to apply either Pennsylvania or Alaska law to the enumerated claims of this case, Plaintiff submits that any conflict is a false one because Alaska is the only state with an actual interest in applying its law in this case. Specifically, Alaska has a strong public policy with respect to insurance policies, and, unlike Pennsylvania, seeks to protect insureds by imposing a fiduciary duty on insurers. Second, all aspects of the transaction involve Alaska law. The Plaintiff, a trust, is established under Alaska law. The policy was delivered in Alaska, and Defendant was permitted to do so only because it is licensed in Alaska and authorized to do business in Alaska for both insurance policies and investment vehicles. Alaska law was specifically selected by the parties under the policy. Conversely, Pennsylvania law is of little importance to this specific transaction. While Pennsylvania clearly has an interest in protecting insureds, the Plaintiff is not a resident of Pennsylvania. Similarly, Pennsylvania has in interest in regulating its insurance and securities industries, but both are regulated by Alaska law in this situation. Thus, as to this transaction, Pennsylvania does not have an interest in enforcing its laws because it does not control the transaction and relationship of the parties.

To the extent the conflict can be characterized as "true", Pennsylvania courts have abandoned the traditional rule of *lex loci delicti* (mandating that the law of the place where the injury occurred be applied in tort actions) for a "more flexible rule which permits analysis of the policies and interests underlying the particular issue before the court." Griffith v. United Airlines, Inc., 203 A.2d 796 (Pa. 1964). The Griffith court found this approach would utilize the law of the state "having the most interest in the problem." Id. at 805-6. Thus, where a "true" conflict exists, it is necessary to determine which state has the most significant contacts with the controversy, as provided by the Restatement (Second) of Conflicts. Hammersmith, supra., 480 F.3d at 230. Here it is undisputed that Alaska has the most significant relationship to the insurance Policy. The variable life insurance policy at issue here not only implicates private contract law, but insurance and securities statutory law as well, both of which are premised on strong public policy principles. In addition, the Policy was delivered in Alaska, the Plaintiff is a resident of Alaska, and Defendant is subject to the laws of Alaska. In fact, that only "true" contact to Pennsylvania is the address of Defendant. Since Defendant was doing business in Alaska in connection with the Policy, and thus bound by Alaska law as to insurance policies and securities, as well as specifically selecting Alaska law as a matter of governing the parties under the policy, Defendant's domicile is of little import.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that, to the extent the Court determines that a choice of law is necessary at this juncture, Alaska law should be determined to apply.

Dated: July , 2010                                  Respectfully submitted,

_____
William R. Connelly, Esq.
Law Offices of William R. Connelly, LLC
7 West Main Street
Mendham NJ 07945
Phone: (973) 543-5301
Fax: (973) 543-5140

Nicholas Noel, III, Esq.
Noel, Kovacs & McGuire, P.C.
2505 Newburg Road
Easton PA 18045-1963
Phone: (601) 258-0866
Fax: (610) 258-5264

## CERTIFICATION OF SERVICE

I, William R. Connelly, hereby certify that a true and correct copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss and Cross-Motion to Amend Plaintiff's Complaint was electronically filed on July , 2010 using CM/ECF which will send notification of such filing to the following counsel of record:

Matthieu J. Shapiro, Esq.

_____
William R. Connelly