# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL S. RULLE FAMILY DYNASTY TRUST,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No. 2:10-cv-00231** |
| **v.** ) | **Hon. Berle M. Schiller** |
| **AGL LIFE ASSURANCE COMPANY,** ) | |
| **Defendant.** ) | |

## DEFENDANT AGL LIFE ASSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MEMORANDUM ON CHOICE OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

Mathieu J. Shapiro
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Blvd.
Philadelphia, Pennsylvania  19103-1895
Phone:  (215) 665-3000
Fax:  (215) 665-3165

Of Counsel:

Joseph P. Moodhe
John C. Dockery
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York  10022
Phone:  (212) 909-6000
Fax:  (212) 909-6836

Attorneys for Defendant
AGL Life Assurance Company

## <u>TABLE OF CONTENTS</u>

I.      The Contract Does Not Dictate The Application Of Alaska Law To Plaintiff's
        Tort Claims ....................................................................................................................1

II.     Plaintiff Fails To Overcome The Lack Of Predicate Elements For Its Claims
        Under The Common Factors Of Alaska And Pennsylvania Law .......................................2

        A.      Plaintiff Has Failed To Establish Any Cognizable Basis For A Fiduciary
                Duty Owed By AGL ...............................................................................................2

        B.      The Facts Alleged Cannot Sustain A Claim For Negligence In Any Of Its
                Asserted Forms ......................................................................................................4

        C.      Plaintiff's Negligent Misrepresentation Claim Is Meritless Under Either
                State's Laws ...........................................................................................................6

        D.      Plaintiff Has Pled No Facts To Support An Unjust Enrichment Claim..................6

III.    Pennsylvania's Law Applies Under Its Choice Of Law Rules And Provides
        Dispositive Defenses To AGL .........................................................................................6

        A.      Pennsylvania Has An Interest In The Application Of Its Law To This
                Case, Whereas Alaska's Interest Is, At Most, Minimal ...........................................6

        B.      The Relevant Jurisdictional Contacts Overwhelmingly Favor The
                Application Of Pennsylvania Law ...........................................................................7

        C.      Pennsylvania's Defensive Doctrines Would Bar Plaintiff's Claims.......................8

CONCLUSION.......................................................................................................................10

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Ace v. Aetna Life Insurance Co.*, 40 F. Supp. 2d 1125 (D. Alaska 1999) ......................................3

*Gilmour v. Bohmueller*, No. Civ. A. 04-2535, 2005 WL 241181 (E.D. Pa. Jan. 27, 2005) ............5

*Hults v. Allstate Septic Systems, LLP*, Civ. A. No. 4:06-0541, 2007 WL 2253509 (M.D. Pa. Aug. 3, 2007) ...........................................................................................................5

*Monaghan v. Admiral Insurance Company*, No. 92-35236, 1994 WL 118021 (D. Alaska 1994) ...........................................................................................................................3

*Rock v. Voshell*, 397 F. Supp. 2d 616 (E.D. Pa. 2005) ....................................................................9

**ALASKA CASES**

*Continental Insurance Company v. Bayless and Roberts, Inc.*, 608 P.2d 281 (Alaska 1980) ............................................................................................................................2

*Edenshaw v. Safeway, Inc.*, 186 P.3d 568 (Alaska 2008) ..................................................................4

*John's Heating Service v. Lamb*, 46 P.3d 1024 (Alaska 2002) ........................................................5

*Johnson & Higgins of Alaska Inc. v. Blomfield*, 907 P.2d 1371 (Alaska 1995) ..............................5

*Linck v. Barokas & Martin, R.R.*, 667 P.2d 171 (Alaska 1983) .......................................................5

*Lloyd's & Institute of London Underwriting Companies v. Fulton*, 2 P.3d 1199 (Alaska 2000) ............................................................................................................................2

*O.K. Lumber Co., Inc. v. Providence Washington Mutual Insurance Company*, 759 P.2d 523 (Alaska 1988) ...................................................................................................2

*Progressive Casualty Insurance Company v. Skin*, 211 P.3d 1093 (Alaska 2001) .........................2

**PENNSYLVANIA CASES**

*Cooper v. Frankford Health Care System, Inc.*, 960 A.2d 134 (Pa. 2008) ......................................4

*Decker v. Nationwide Insurance Company*, 83 Pa. D. & C. 4th 375 (Pa. Com. Pl. 2007) ..............2

*Miller v. Allstate Insurance Company*, 763 A.2d 401 (Pa. Super. Ct. 2000) ..................................1

**ALASKA STATUTES**

Alaska Securities Act, § 45.55.990(32) ........................................................................7, 8

**OTHER AUTHORITIES**

Restatement (Second) of Conflicts of Laws ...................................................................7

I.      **The Contract Does Not Dictate The Application Of Alaska Law To Plaintiff's Tort Claims**

Plaintiff opens its brief by arguing, without any analysis, that there is no choice of law question because the Policy chose Alaska law. P.COL.Mem. 1-2.[1] Defendant believes that the Court recognized that the Policy did not dictate that result, otherwise the Court would not have ordered further briefing.

Plaintiff ignores the numerous cases decided under Pennsylvania law that consider the scope of clauses substantively identical to the one in the Policy, which demonstrate that the clause controls only Plaintiff's contract claims, not the tort claims. *See* D.Mem. 17-18, D.COL.Mem. 13-14.  The lone Pennsylvania case, *Miller v. Allstate Ins. Co.*, 763 A.2d 401 (Pa. Super. Ct. 2000), that Plaintiff cites in support of its position is irrelevant.  In *Miller*, the Court simply enforced a choice of law clause found within an arbitration provision of a policy that required that "'[l]ocal rules of law as to procedure and evidence will apply' to the arbitration." *Id.* at 403.  Nothing in the *Miller* decision even suggests that a party's tort claims might be controlled by a choice of law clause that is limited in scope to the terms of the contract in which it is located.

---

[1]     Hereinafter, "Ct.Mem." refers to the Court's Memorandum dated July 7, 2010.  "D.Mem." refers to Defendant's memorandum in support of its Motion to Dismiss the Amended Complaint.  "D.Reply" refers to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss.  "D.COL.Mem." refers to Defendant's opening memorandum on Choice of Law, filed pursuant to the Court's Order of July 7, 2010.  "P.Mem." refers to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss. "P.COL.Mem. refers to Plaintiff's opening memorandum on Choice of Law, filed pursuant to the Court's Order of July 7, 2010.

"Am. Compl." refers to Plaintiff's Amended Complaint, filed on April 30, 2010.  Citations to "Policy" refer to the Policy's own page numbers (i.e., not ECF page numbers); the Policy is exhibited in Amended Complaint., Ex. A.

II.     **Plaintiff Fails To Overcome The Lack Of Predicate Elements For Its Claims Under The Common Factors Of Alaska And Pennsylvania Law**

Putting aside Plaintiff's misplaced reliance on the contract's choice of law clause, Plaintiff and Defendant are in general agreement as to the applicable choice of law rules governing this action.  *See* P.COL.Mem. 14-15; D.COL.Mem. 1-2.  Most significantly, Plaintiff acknowledges that "if the 'laws [of the two states] are the same, then there is no conflict at all and a choice of law analysis is unnecessary." P.COL.Mem 14 (citation omitted).  While there are certain differences between Pennsylvania and Alaska law as to the availability of certain defenses, there are, contrary to the implication of Plaintiff's argument, no substantive differences as to the elements of the relevant tort claims under the two states' laws.  As to those *prima facie* elements, Plaintiff misconstrues the law as to what those requirements are.

A.     *Plaintiff Has Failed To Establish Any Cognizable Basis For A Fiduciary Duty Owed By AGL*

Plaintiff primarily seeks to impose fiduciary duties on AGL because, under Alaska law, insurers owe a fiduciary duty to their insureds with regard to the handling of insurance claims. *See O.K. Lumber Co., Inc. v. Providence Wash. Mut. Ins. Co.*, 759 P.2d 523, 525 (Alaska 1988). That Pennsylvania may not imply such a duty—*see Decker v. Nationwide Ins. Co.*, 83 Pa. D. & C. 4th 375, 379 (Pa. Com. Pl. 2007)—is beside the point.  Plaintiff completely ignores the fact that the insurer fiduciary duty in Alaska has only been applied in the context of insurance claims handling and coverage disputes. *See Progressive Cas. Ins. Co. v. Skin*, 211 P.3d 1093, 1097-1103 n.38 (Alaska 2001) (addressing insurer's fiduciary duty in insurance coverage and claims handling case); *Lloyd's & Institute of London Underwriting Cos. v. Fulton*, 2 P.3d 1199, 1205, 1207-09 (Alaska 2000) (discussing fiduciary relationship between insurers and insureds with respect to coverage issues and liability insurer's defense of claims against insured); *Cont'l. Ins.*

*Co. v. Bayless and Roberts, Inc.*, 608 P.2d 281, 286, 291, 293 (Alaska 1980) (deciding breach of fiduciary duty action relating to liability insurer's defense of covered claims against insured). *See also Monaghan v. Admiral Ins. Co.*, No. 92-35236, 1994 WL 118021, at *5 (D. Alaska 1994) (discussing fiduciary duty with respect to liability insurer's duty to defend potentially covered claims against insured); *Ace v. Aetna Life Ins. Co.*, 40 F. Supp. 2d 1125, 1127, 1131 (D. Alaska 1999) (considering insurer's fiduciary duty as factor in determining punitive damages award based on wrongful denial of disability insurance benefits).

As the Court has already found, in this case, "[a]lthough insurance might play a tangential role [], it is not the center of the dispute.  This claim revolves around the investment made as part of a life insurance policy and has nothing to do with the insurance aspect of the Policy." Ct.Mem. 22-23 (internal citations omitted).  Thus, the Court concluded that "[n]ot one of [the] concerns [motivating Alaska's recognition of the tort of breach of duty of good faith and fair dealing against insurers] is implicated in this case" *Id.* at 22.  Plaintiff has advanced no arguments for why the Court should create a non-existent conflict of law by extending Alaska law beyond its boundaries and implying fiduciary duties to insurers no matter the nature of the claims brought against them.

Plaintiff's alternative basis for finding a fiduciary duty owed by AGL (which is no different under either state's laws) rests on its *ipse dixit* labeling of AGL as a broker-dealer, agent and investment advisor. Am. Compl. ¶¶6, 50, 74; P.COL.Mem. 2-8.  Plaintiff, however, has not alleged any facts to support that AGL was any of those things.  Plaintiff asserts that AGL was a *de facto* broker-dealer because, according to Plaintiff, AGL was the alter ego of its sister Company, PEPCO, which was a registered broker-dealer. Am. Compl. ¶¶4-9.  Critically, however, Plaintiff produced no allegations that AGL *acted* as a broker dealer for Plaintiff.

3

Moreover, Defendant has shown that Plaintiff's alter ego assertion is meritless under both Pennsylvania and Alaska law (D.Mem. 25-26; D.Reply 7; D.COL.Mem. 4-5), a point apparently conceded by Plaintiff because it has not attempted to contest it.  The other asserted bases—that AGL was an agent, an investment manager, or an investment advisor—are even thinner. Plaintiff has baldly invoked those labels without providing any factual support for their application to AGL, and Plaintiff failed to respond to Defendant's arguments showing why they do not apply. D.Mem. 25-26; D.Reply 6-7.

Separate from lacking any basis for its implication, the specific duty Plaintiff seeks—that AGL was obligated to conduct exhaustive due diligence of *every* investment manager of *every* fund selected *by Tremont*—is untenable because it is fundamentally at odds with the parties' express written agreement. *See* D.COL.Mem. 7-9; Ct.Mem. 12-13, 15-16, 20.  In sum, Plaintiff's breach of fiduciary duties claim fails under both Alaska and Pennsylvania law.

B.    *The Facts Alleged Cannot Sustain A Claim For Negligence In Any Of Its Asserted Forms*

Plaintiff has failed to allege any facts establishing any cognizable duty owed by AGL to Plaintiff outside of the parties' integrated written agreement.  Absent such a duty, Plaintiff's negligence claims fail under Alaska and Pennsylvania law. *Cooper v. Frankford Health Care Sys., Inc.*, 960 A.2d 134, 140 n.2 (Pa. 2008) (stating elements of negligence); *Edenshaw v. Safeway, Inc.*, 186 P.3d 568, 571 (Alaska 2008) (stating elements of negligence).

Plaintiff's attempt to cast its claim as one for professional negligence fails because there are no factual allegations showing that AGL performed any professional services for Plaintiff, at least none that are implicated by Plaintiff's claims.  AGL simply sold Plaintiff a product—a variable premium policy—and allocated premiums according to one of two investment accounts per Plaintiff's instructions.  That sale and allocation do not constitute the kind of skilled services

necessary to underlie a professional negligence claim, even under the Alaska cases cited by Plaintiff. *See John's Heating Serv. v. Lamb*, 46 P.3d 1024, 1037-38 (Alaska 2002) (holding a claim for negligent furnace repair to properly constitute a professional negligence claim, and finding that "[c]ourts have applied the professional negligence standard to trades persons including machinists, electricians, and plumbers."); *Johnson & Higgins of Alaska Inc. v. Blomfield*, 907 P.2d 1371, 1373-74 (Alaska 1995) (applying professional negligence to insurance *agent* responsible for obtaining appropriate coverage for client, investigating and reporting potential claims, and advising on possible coverage gaps); *Linck v. Barokas & Martin*, *R.R.,* 667 P.2d 171, 173-74 (Alaska 1983) (applying professional negligence to "attorney-client and accountant-client relationship").

Plaintiff nevertheless invokes AGL's status as an insurer to ground its professional negligence claim. Yet, Plaintiff has produced no authority to support the maintenance of a professional negligence claim against an insurer. The sole case Plaintiff cites in support of its contention that "professional negligence is recognized in context of an insurer to an insured" (P.COL.Mem. 9) is *Johnson & Higgins of Alaska*. That case, however, did not involve a professional negligence claim against an insurer. Rather, it involved such a claim against an insurance *agent*, who allegedly failed to obtain proper coverage for his client. *Id.*, 907 P.2d at 1372-74.

Plaintiff's professional negligence claim fails for the above reasons under both Alaska and Pennsylvania law.[2]

---

[2] The claim also fails under Pennsylvania law because AGL, an insurer, does not fall within the exclusive list of professions to which professional negligence actions are limited. *See Gilmour v. Bohmueller*, No. Civ. A. 04-2535, 2005 WL 241181, at *16-17 (E.D. Pa. Jan. 27, 2005) (dismissing professional negligence claims against investment company and sales defendants because they did not belong to one of the enumerated categories of licensed professionals). *But see Hults v. Allstate Septic Sys.*, Civ. A. No. 4:06-0541, 2007 WL 2253509, at *6 (M.D. Pa. Aug. 3, 2007).

C.     *Plaintiff's Negligent Misrepresentation Claim Is Meritless Under Either State's Laws*

Defendant has repeatedly demonstrated that Plaintiff's negligent misrepresentation claims are meritless under either Pennsylvania or Alaska law.  D.Mem. 30-34; D.Reply 9; D.COL.Mem. 9-11.  Plaintiff has never responded to these arguments, and thus, concedes them.

D.     *Plaintiff Has Pled No Facts To Support An Unjust Enrichment Claim*

As discussed more fully in Defendant's prior filings, Plaintiff has alleged no facts that can sustain its unjust enrichment claim under either jurisdiction's law. D.Mem. 34, D.Reply. 9-10, D.COL.Mem. 11-12.  Plaintiff's Opposition brief contains the sole *factual* allegation advanced to support the claim: "[t]he Policy and PPM did not set forth what Defendant was to do in exchange for the management fees." P.Mem. 34.  Plaintiff, however, never disputes that the fees were disclosed in the Policy and PPMs that it agreed to more than eight years ago.  Thus, there is simply no basis for Plaintiff to claim now that AGL's receipt of those fees was unjust.

*       *       *

Plaintiff has not alleged the essential elements of its tort claims under either Pennsylvania or Alaska law, and thus, this Court may and should dismiss those claims without needing to conduct the choice of law analysis.

III.   **Pennsylvania's Law Applies Under Its Choice Of Law Rules And Provides Dispositive Defenses To AGL**

A.     *Pennsylvania Has An Interest In The Application Of Its Law To This Case, Whereas Alaska's Interest Is, At Most, Minimal*

Pennsylvania has a profound interest in affording the benefits of its defensive doctrines to AGL, a Pennsylvania defendant, especially in a case that predominantly involves accounts and conduct in Pennsylvania. D.COL.Mem. 17-20.  These defensive doctrines protect Pennsylvania

defendants from duplicative claims that seek tort damages where the causes of action appropriately sound in contract. *Id.* at 14-17.  Plaintiff mischaracterizes Pennsylvania's interests in an attempt to diminish them, ignoring the defensive doctrines at issue and broadly stating that Pennsylvania's only interests in applying its law to this case are those of "protecting insureds" and "regulating its insurance and securities industries." P.COL.Mem. 15.

Alaska, on the other hand, has, at most, a minimal interest at stake in this case.  The only Alaskan *interest*—as distinguished from jurisdictional *contacts*—put forth by Plaintiff is that "Alaska has a strong public policy with respect to insurance policies and . . . seeks to protect insureds by imposing a fiduciary duty on insurers." *Id.*  This Court has noted that this case "has nothing to do with the insurance aspect of the Policy" (Ct.Mem. 23) and thus does not touch upon this interest.  Moreover, Plaintiff's veiled suggestion that Alaska has a securities-based regulatory interest in this matter (P.COL.Mem. 15) is incorrect.  Alaska's securities statute expressly excludes variable premium policies of the type at issue here from its application, a fact Plaintiff chose never to face in any of its submissions. AS § 45.55.990(32); *see* D.Mem. 16-17.

B.       *The Relevant Jurisdictional Contacts Overwhelmingly Favor The Application Of Pennsylvania Law*

Reflecting the weakness of its position, Plaintiff has not attempted to analyze this action's jurisdictional contacts under the Restatement (Second) of Conflicts of Laws ("Restatement 2d.") as Pennsylvania choice of law rules require. P.COL.Mem. 16.  The only jurisdictional contacts cited by Plaintiff are: (1) that "it is undisputed that Alaska has the most significant relationship to the Policy," an apparent reference to the Policy's choice of law clause governing its terms; (2) that the Policy was delivered in Alaska; (3) that Plaintiff Trust is a resident of Alaska; and (4) that Defendant is subject to the insurance and securities laws of Alaska by virtue of AGL doing business there. *Id.*

7

The Policy's choice of law clause has little weight as a jurisdictional contact in the present analysis since the parties chose to constrain the clause to the terms of their contract and not have it reach any potential tort claims.

The Trust's Alaskan domicile and the fact that the Policy was delivered in Alaska similarly bear little significance, considering that it was Michael Rulle, not the Trust he created mere days before the Policy was issued, who evaluated and selected the Policy in order to make tax-preferred investments in the Tremont Fund.  None of the material contacts relating to the Trust's purchase of the Policy relate to Alaska.  *See* D.Mem. 20-21; D.Reply 8-9; D.COL.Mem. 18-20.

Finally, Plaintiff's contention that AGL was subject to the insurance and securities laws of Alaska is one part irrelevant and one part false.  That AGL may have been subject to Alaska's insurance regulations is irrelevant for the purpose of determining which laws should apply to claims arising out of conduct that had nothing to do with insurance.  Moreover, AGL was also subject to Pennsylvania's insurance laws.  And as not rebutted by Plaintiff, Alaska's securities statute expressly excludes variable premium policies from its ambit, destroying the predicate for Plaintiff's purported application of Alaska's securities laws to AGL. AS § 45.55.990 (32); *see* D.Mem. 16-17.

C.     *Pennsylvania's Defensive Doctrines Would Bar Plaintiff's Claims*

Plaintiff asserts that Pennsylvania's gist of the action doctrine would not bar its fiduciary duties claim because the claim "involves a broader social policy beyond the contours of the insurance policy . . . ."  P.COL.Mem. 8.  Further, Plaintiff argues that its negligence claim would survive the doctrine's effect because the claim "is not limited to the terms of the contract and does involve larger social policies—specifically, the duty of insurers and investment

advisors/broker-dealers to discharge their professional duty of care with such 'skill, prudence and diligence as other members of the profession commonly possess and exercise.'" P.COL.Mem. 11.  The specific social policies invoked for the negligence claims are the same that Plaintiff relies upon for its fiduciary duties claim.  Fatal to Plaintiff's argument, however, is that Plaintiff has alleged no facts to support the conclusion that AGL was or acted as a broker-dealer or an investment advisor.  Rather, Plaintiff's claims are merely re-characterizations of its dismissed breach of contract action, through which Plaintiff attempted to write into the Policy the same unfounded due diligence obligation.

Plaintiff does not contest that it seeks only economic damages, and thus does not challenge the applicability of the economic loss doctrine, which precludes negligence claims that seek recovery of only economic losses.  Rather, Plaintiff merely suggests that the economic loss doctrine, along with the gist of the action doctrine, should not be applied to bar Plaintiff's claims until after it has been allowed to protract this litigation further with needless discovery.  *See* P.COL.Mem. 11.  Plaintiff, however, provides no substantive reason why the Court should abstain from applying the doctrines now.  The Court can and should use the doctrines to dismiss Plaintiff's remaining claims.  *Rock v. Voshell*, 397 F. Supp. 2d 616, 627-28 (E.D. Pa. 2005) (granting motion to dismiss negligence claims under both gist of the action and economic loss doctrines).

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the remainder of the

Amended Complaint be dismissed.


Dated: August 6, 2010

-- and --
Of Counsel:
Joseph P. Moodhe
John C. Dockery
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York  10022
Phone:  (212) 909-6000
Fax:  (212) 909-6836

Respectfully submitted,
_____/s_____
Mathieu J. Shapiro
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Blvd.
Philadelphia, Pennsylvania  19103-1895
Phone:  (215) 665-3000
Fax:  (215) 665-3165

*Attorneys for Defendant, AGL Life Assurance Company*

**<u>CERTIFICATE OF SERVICE</u>**

       I, Mathieu J. Shapiro, hereby certify that a true and correct copy of the foregoing

Defendant AGL Life Assurance Company's Motion to Dismiss was electronically filed

on August 6, 2010 using CM/ECF which will send notification of such filing to the

following counsel of record:

Nicholas Noel, III
nnoel@noelandkovacs.com


William R. Connelly
wconnelly@connellylaw.net

      /s

_____
MATHIEU J. SHAPIRO